UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE BLOUNT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0199-CVE-SH |
| | ) |
| KAMERON HARVANEK, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Christopher Lee Blount, a self-represented Oklahoma prisoner,[2] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that he is unlawfully detained under the judgment entered against him in the Tulsa County District Court Case No. CF-2003-1561. Dkt. # 1, at 2.[3] Respondent opposes the petition, asserting that Blount did not file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered the petition (Dkt. # 1) and brief in support (Dkt. # 3), the response in opposition to the petition (Dkt. # 8), the record of state court proceedings, and applicable law, the Court finds that the petition is untimely and dismisses the petition, with prejudice, as barred by the statute of limitations.

---

[1] Blount presently is incarcerated at the Howard McLeod Correctional Center in Atoka, Oklahoma. The Court therefore substitutes the current warden of that facility, Kameron Harvanek, in place of Deon Clayton as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution.

[2] Because Blount appears without counsel, the Court liberally construes the petition, but the Court does so without assuming the role of his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] The Court's citations refer to the CM/ECF header pagination.

I.

On October 6, 2003, Blount pleaded guilty as to one count of conspiracy to commit armed robbery, one count of feloniously pointing firearms, and one count of possession of a firearm after former conviction of a felony. Dkt. # 8-1; Dkt. # 8-2, at 3-4. The trial court sentenced Blount to two terms of twenty-seven years' imprisonment and one term of ten years' imprisonment, with all terms to be served concurrently with each other. Dkt. # 8-1, at 5; Dkt. # 8-2, at 10. Blount did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. # 8-2, at 10-12; see Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal).

Over seventeen years later, on April 27, 2021, Blount filed an application for postconviction relief in state district court. Dkt. # 8-3. In that application, Blount, claimed that the State of Oklahoma ("the state") lacked jurisdiction to prosecute him, in light of McGirt v. Oklahoma, 591 U.S. ___, 140 S. Ct. 2452 (2020), because he is Indian and he committed his crimes in Indian country.[4] Id. The state district court denied Blount's application on October 11, 2021,

---

[4] In McGirt, the Supreme Court held that Congress did not disestablish the Muscogee (Creek) Nation Reservation and that the state does not have jurisdiction to prosecute certain crimes committed by Indians within the boundaries of that reservation. See Graham v. White, 101 F.4th 1199, 1203 & n.1 (10th Cir. 2024) (discussing McGirt).

2

Blount filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief on February 18, 2022. Dkt. ## 8-5, 8-6, 8-8.

Blount filed the instant petition two months later, on April 18, 2022. Dkt. # 1, at 1, 8.[5] Blount claims that he is in state custody under a criminal judgment that was obtained in violation of federal law and certain treaties because the state lacked jurisdiction to prosecute him given that he is Indian and he committed his crimes of conviction in Indian country. Dkt. # 1, at 4-5; Dkt. # 3.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for state prisoners seeking federal habeas review of a state-court judgment under 28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[5] The Clerk of Court received and file-stamped the petition on May 2, 2022. Dkt. # 1, at 1. Blount states, under penalty of perjury, that he delivered the petition to prison authorities, using the legal mail system, on April 18, 2022. Id. at 8. The envelope in which he mailed the petition bears a postmark date of April 29, 2022. Dkt. # 2, at 11. Applying the prison mailbox rule, the Court deems the petition filed on the date Blount delivered it to prison authorities. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

28 U.S.C. § 2244(d)(1). For most prisoners, the one-year limitations period commences at the conclusion of direct review under § 2244(d)(1)(A). Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). The habeas petitioner bears some burden to show that a different subsection applies. Chavez v. Workman, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished).[6] Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).[7]

### III.

Respondent urges the Court to dismiss the petition, asserting: (1) that the petition is untimely under § 2244(d)(1)(A); and (2) that Blount has not shown that any other provision of § 2244(d)(1) provides a later commencing limitations period as to his Indian country jurisdiction claim. Dkt. # 8. The Court agrees with both assertions.

Applying § 2244(d)(1)(A), Blount's judgment became final on October 16, 2003, when the ten-day period expired for him to file a motion to withdraw his guilty plea. The one-year limitations period commenced the next day, October 17, 2003, and, absent any tolling events,

---

[6] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[7] In certain circumstances, federal courts may toll the limitations period for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the limitations period if the petitioner asserts a credible claim of actual innocence, McQuiggin v. Perkins, 569 U.S. 383, 392, 398 (2013). But Blount does not argue that equitable tolling is warranted, and he does not assert an actual innocence claim. Dkt. ## 1, 3.

4

expired on October 18, 2004. Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011).[8] Blount cannot benefit from statutory tolling because he did not file his first application for state postconviction relief until April 2021, long after this limitations period expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that an application for postconviction relief or other collateral review must be filed in state court within the applicable one-year limitations period to obtain statutory tolling under § 2244(d)(2)). The Court thus concludes that the petition is untimely under § 2244(d)(1)(A).

And Blount has not argued, much less shown, that any other provision of § 2244(d)(1) provides him a later commencing limitations period.[9] Rather, in the portion of the petition that discusses § 2244(d)(1)'s statute of limitations and asks Blount to explain why his petition is timely if it was filed more than one year after his judgment became final, Blount contends his Indian country jurisdiction claim implicates "subject matter jurisdiction," that this type of claim "can never be forfeited or waived," and that "there is no question the instant claim is properly and timely raised." Dkt. # 1, at 7. Contrary to Blount's apparent position, an Indian country jurisdiction claim may be barred by the AEDPA's one-year statute of limitations. See Pacheco, 62 F.4th at 1245 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a

---

[8] Under Harris, the one-year limitations period expired on October 17, 2004, a Sunday. Blount thus had until Monday, October 18, 2004, to file a timely federal habeas petition. FED. R. CIV. P. 6(a)(1)(C).

[9] Blount could not make this showing even if he had tried. See, e.g., Pacheco v. Habti, 62 F.4th 1233, 1246 (10th Cir. 2023) (explaining why McGirt-based claims do not implicate the one-year period provided under § 2244(d)(1)(C)), cert. denied 143 S. Ct. 2672 (June 26, 2023); Owens v. Whitten, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (unpublished) ("As this court's recent decisions make clear, McGirt's focus on a question of federal-versus-state jurisdiction does not alter the conclusion that the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to McGirt-based challenges to the validity of state convictions."), cert. denied, 143 S. Ct. 1763 (Apr. 17, 2023).

blanket exception for jurisdictional claims."). The Court thus concludes that the applicable limitations period is the one provided by § 2244(d)(1)(A) and, for the reasons previously discussed, the petition is untimely.

## IV.

For the reasons just discussed, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the Indian country jurisdiction claim that Blount asserts in the petition. The Court therefore dismisses the petition, with prejudice. And, because Blount's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V.

**IT IS THEREFORE ORDERED** that: (1) the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody (Dkt. # 1) is **dismissed with prejudice** as barred by the applicable statute of limitations; (2) a certificate of appealability is **denied**; and (3) a separate judgment of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **note** on the record the substitution of Kameron Harvanek, Warden, in place of Deon Clayton, as party respondent.

**DATED** this 26th day of June, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE